UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-10969-RWZ

LORI PRINCIPE

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security Administration

MEMORANDUM OF DECISION

October 3, 2012

ZOBEL, D.J.

Lori Principe ("Principe") brings this case under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3) to reverse the final decision of the Commissioner of the Social Security Administration, Michael J. Astrue ("the Commissioner"), denying her supplemental security income and disability insurance benefits. The Commissioner moves to affirm his decision.

I.   **Legal Standard**

The Commissioner's findings of fact are conclusive if they are supported by substantial evidence and based on the correct legal standard. 42 U.S.C. § 405(g); Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001).  The court must uphold the Commissioner's determination "even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence." Rodriguez Pagan v.

Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

**II.     Analysis**

Principe's claims were decided by an Administrative Law Judge ("ALJ") and were then denied review by the Decision Review Board (since replaced by the Appeals Council). The ALJ's decision is therefore considered the Commissioner's final decision. In that decision, the ALJ followed the familiar five-step process laid out in 20 C.F.R. § 404.1520 (disability benefits) and 20 C.F.R. § 416.920 (supplemental security income). Principe challenges the ALJ's determination at step four that Principe could still perform her past work as a front office clerk, and his determination at step five that there are a significant number of jobs in the national economy that Principe could perform if she stopped her substance abuse.

Principe argues that the ALJ erred at both steps by ignoring the effect of her post-traumatic stress disorder ("PTSD") on her ability to work in public. Specifically, Principe contends that the ALJ should have explicitly determined whether PTSD prevents her from working in a male-dominated environment or around any men, particularly men unknown to her.[1] She points to the vocational expert's testimony at the ALJ hearing that she would not have a significant number of jobs available if she could not work with men.

The ALJ did review Principe's mental health problems, including her acknowledged post-traumatic stress disorder. He found that Principe's limited social

---

[1] Principe's PTSD stems from losing her father and being sexually abused by her mother's boyfriend when she was 15 years old, and being kidnapped and raped by a stranger at the same age.

functioning meant that her work could not include "constant exposure to the general public." Docket # 7, R. at 17. However, he found her allegations of further mental impairment were not credible and not supported by the medical evidence. Although the ALJ did not specifically mention Principe's asserted inability to interact with men in a work environment, he found that she "does not exhibit anti-social activities" and "is socially active with friends and a boyfriend." Id. The ALJ also noted that Principe was apparently able to attend college classes. As well as considering Principe's observed behavior, the ALJ relied on the medical evidence in the record, none of which indicated that Principe was unable to function around men in a work environment. See id. at 397-402, 459-62, 644-46.[2] Because the ALJ's determinations were supported by substantial evidence, the court must affirm them.

Principe also briefly argues that her multiple impairments, taken together, are equivalent in severity to an impairment listed in 20 C.F.R. part 404, subpart P, appendix 1. The ALJ agreed, but found that Principe's impairments would no longer reach that threshold if Principe stopped her substance abuse. Principe provides no evidence or argument to rebut that conclusion, and it is supported by substantial evidence in the record based on Principe's medical reports.

The court does not underestimate the severe challenges that Principe has faced and continues to face in her life. But it can find no reversible error in the

---

[2] Principe faults the ALJ for not referring to the opinion of Dr. Theodore Stronach, who examined Principe in 2007. The ALJ noted, however, that Principe's treatment showed a steady improvement since July 2008; he consequently relied on more recent medical reports. In any case, Dr. Stronach's opinion also did not indicate that Principe could not work with men; it only gave a more severe diagnosis of Principe's mental health issues.

Commissioner's decision.

## III.     Conclusion

The motion to affirm the decision of the Commissioner (Docket # 11) is ALLOWED. Judgment shall be entered accordingly.

    October 3, 2012                                           /s/Rya W. Zobel

           DATE                                                          RYA W. ZOBEL
                                                                  UNITED STATES DISTRICT JUDGE